IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, et al.<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY, et al.,<br><br>Respondents, and<br><br>COMPETITIVE ENTERPRISE INSTITUTE, et al.,<br><br>Respondents-Intervenors. | No. 20-4256 |
| CALIFORNIA, et al.<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY, et al.,<br><br>Respondents, and<br><br>COMPETITIVE ENTERPRISE INSTITUTE, et al.,<br><br>Respondents-Intervenors. | No. 20-4285 |

# RESPONSE TO PETITIONERS' AND INTERVENORS' MOTIONS TO DISMISS

These consolidated petitions for review involve a rule issued by the U.S. Department of Energy (DOE) that established a new product class for residential dishwashers. *See* 85 Fed. Reg. 68,723 (Oct. 30, 2020) (2020 Rule). Petitioners have moved to dismiss the petitions without prejudice to reinstatement through January 2029. Intervenors seek dismissal without prejudice but oppose reinstatement. The government submits this response in support of dismissal without prejudice but in opposition to petitioners' request for reinstatement.

1. These petitions have been in abeyance since February 2021. During that time, DOE (1) undertook a review of the 2020 Rule pursuant to an executive order; (2) withdrew the 2020 Rule, *see Energy Conservation Program: Product Classes for Residential Dishwashers, Residential Clothes Washers, and Consumer Clothes Dryers*, 87 Fed. Reg. 2,673 (Jan. 19, 2022); (3) litigated a challenge to the withdrawal of the 2020 Rule, *see Louisiana v. DOE*, 90 F.4th 461 (5th Cir. 2024); and, most recently, (4) confirmed the withdrawal of the 2020 Rule on remand from the Fifth Circuit, *see* 89 Fed. Reg. 105,408 (Dec. 27, 2024) (the Confirmation of Withdrawal).

The upshot of these proceedings is that the 2020 Rule is not in effect, and these petitions for review challenging it have become moot. The Court should therefore dismiss the petitions.

2. Contrary to petitioners' request, reinstatement is not warranted. Petitioners' sole basis for requesting reinstatement is their contention that such relief is necessary "to avoid extinguishing or creating unnecessary questions about" their ability to challenge the 2020 Rule if it were ever to spring back into effect. Mot. 7. They theorize that the 2020 Rule might "come back into effect" if DOE were to rescind the Confirmation of Withdrawal, or if the confirmation were disapproved by Congress under the Congressional Review Act, 5 U.S.C. §§ 801-808. Mot. 6-7.

As an initial matter, it is doubtful that the 2020 Rule will be revived in this way. No petitions for review of the Confirmation of Withdrawal have been filed, and the deadline for submitting such a petition has now passed. *See* 42 U.S.C. § 6306(b)(1) (requiring petitions for review to be filed "within 60 days after the date on which such rule is prescribed"). DOE also has no plans to reconsider the Confirmation of Withdrawal at this time. Moreover, in the months since the Confirmation of Withdrawal issued, Congress has not initiated proceedings under the Congressional Review Act.

Even if DOE or Congress were to take action with respect to the Confirmation of Withdrawal, however, it is doubtful that petitioners would be left without any remedy. Petitioners ignore that DOE issued the Confirmation of Withdrawal on remand from the Fifth Circuit. If the confirmation were rescinded, DOE would still be required to engage in the remand analysis directed by the court in *Louisiana*. If that analysis resulted in a determination that the 2020 Rule should stand, petitioners could

3

file a petition for review of a final rule that reinstates the 2020 Rule. Any such petition presumably could raise arguments about the substance of what is being reinstated—namely, the product class specifications delineated by the 2020 Rule.

3. Accordingly, the Court should dismiss these petitions without prejudice but deny petitioners' request for reinstatement.

Respectfully submitted,

MICHAEL S. RAAB
(202) 514-4053

**/s/ Amanda L. Mundell**
Amanda L. Mundell
(202) 514-3469
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7236
Washington, D.C. 20530
*Counsel for Respondents*

APRIL 2025

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 543 words.

                                          **/s/ Amanda L. Mundell**
                                          AMANDA L. MUNDELL

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                          **/s/ Amanda L. Mundell**
                                          AMANDA L. MUNDELL